```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

EVERETT EARL PARKER                                      PETITIONER

VS.                                       CRIMINAL NO. 5:03-cr-5(DCB)
                                          CIVIL NO. 5:16-cv-58(DCB)

UNITED STATES OF AMERICA                                 RESPONDENT

                              ORDER

This cause is before the Court on defendant/petitioner Everett Earl Parker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket entry 112 in cause no. 5:03-cr-5).  Having conducted the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States Courts, the Court finds as follows:

The petitioner brings his Petition asking the Court to vacate his sentence and reopen his case for further sentencing in light of Johnson v. United States, 135 S.Ct. 2551 (2015), which found that the "residual clause" stated in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.  Specifically, Parker argues that the following aspects of his sentence are affected by the Supreme Court's ruling in Johnson: (1) subjection to a mandatory life sentence under 18 U.S.C. ¶ 3559(c)(1); (2) subjection to a Chapter 4 enhancement under the Sentencing Guidelines; and (3) conviction for brandishing a firearm during a crime of violence.  (Docket entry 112, p. 2).

The United States Supreme Court has not yet determined whether Johnson dooms the Guidelines' residual clause. The Sixth Circuit Court of Appeals has observed that "there are respectable constitutional arguments that the vagueness doctrine does not apply to the advisory Guidelines." In re Embry, 831 F.3d 377, 378 (6th Cir. 2016). The Supreme Court has agreed to resolve the issue in its new term in Beckles v. United States (No. 13-13569). In light of the forthcoming Supreme Court decision in Beckles, the Court finds that the proper course of action is to stay Parker's case and hold it in abeyance pending a ruling in Beckles. See United States v. Vaughn, 2016 WL 7385723, *2 (E.D. Mich. Dec. 21, 2016)(finding that "Both the Sixth Circuit and the Eastern District of Michigan acknowledge that the most appropriate procedure is to stay litigation pending the resolution of these questions by the Supreme Court.")(citations omitted).

Because Beckles will likely decide whether Johnson applies retroactively in guidelines cases, this Court will follow the procedure established by the Sixth Circuit and stay the present case pending the Supreme Court's decision in Beckles, which is expected sometime within the next five months. See Vaughn, 2016 WL 7385723, *2.

Accordingly,

IT IS HEREBY ORDERED that defendant/petitioner Everett Earl Parker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (docket entry 112 in cause no. 5:03-cr-5) is STAYED pending further order of the Court.

    SO ORDERED, this the 9th day of February, 2017.

                                                  /s/ David Bramlette
                                                  UNITED STATES DISTRICT JUDGE